1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   RAGHVENDRA SINGH,                           No.  2:22-CV-0634-DMC-P

12                    Plaintiff,

13          v.                                   ORDER

14   COUNTY OF SACRAMENTO, et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19          The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.

21   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This

26   means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d

27   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                                1

1   rests. <u>See</u> <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with

2   at least some degree of particularity overt acts by specific defendants which support the claims,

3   vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for

4   the Court to conduct the screening required by law when the allegations are vague and

5   conclusory.

6

7                       **I.  PLAINTIFF'S ALLEGATIONS**

8         Plaintiff is a prisoner currently housed at Kern Valley State Prison, located in

9   Delano, California. <u>See</u> ECF. No. 1.  Plaintiff brings suit against the following defendants: (1)

10   County of Sacramento; (2) Brad Rose, Sheriff Lieutenant; (3) Scott R. Jones, Sheriff; (4) Anne

11   Schubert, Sacramento County District Attorney; and (5) Lesley Kolb, Sacramento County

12   Assistant District Attorney. <u>Id.</u>

13         Plaintiff alleges that at the direction and order of the listed defendants, unidentified

14   officers beat him and broke his feet at an unspecified location, either at Kern Valley State Prison

15   or Rio Cosumnes Correctional Center. <u>Id.</u> at 3.  Furthermore, Plaintiff states that he was

16   "misused" by either the same or different unidentified officers.  Also, the same or different

17   unidentified officers shut down "services," which according to Plaintiff made the jail a horrible

18   place for inmates. <u>Id.</u>

19         Plaintiff also alleges that the same or different unidentified officers did not follow

20   COVID-19 protocols or health regulations, which resulted in deaths to inmates, thus, damages

21   should be provided to their families. <u>Id.</u>  Lastly, Plaintiff alleges that the same or different

22   unidentified officers caused him to suffer COVID-19, which led to nerve problems, instability,

23   and heart attacks. <u>Id.</u>

24         Finally, Plaintiff claims that, on January 30, 2020, Plaintiff alleges that the same or

25   different unidentified officers took documents and evidence from his jail cell that could

26   potentially have proven that the charges against him are false, fabricated, illegal, and

27   unconstitutional. <u>Id.</u>

28   / / /

Plaintiff is seeking damages of $90,000,000 along with the return for his property. Id.  Plaintiff states that the listed defendants need to be stopped because their inability to follow laws, COVID-19 protocols, and health regulations, has led to the killing and destruction of minority inmates. Id.  Plaintiff has requested the proper treatment of inmates henceforward. Id.

## II.  DISCUSSION

As discussed below, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted as against any named defendant.  First, Plaintiff has not alleged sufficient facts to establish municipal liability as to the County of Sacramento.  Second, it appears Defendants Schubert and Kolb are prosecutors subject to immunity.  Finally, Plaintiff has not alleged sufficient facts to establish a causal link between any of the individual defendants and a violation of Plaintiff's constitutional rights.  Plaintiff will be provided an opportunity to amend.

### A.    Municipal Liability

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Here, Plaintiff has not alleged at all, let alone with any specificity, that Defendant County of Sacramento violated his rights by way of any policy or custom of the county.  Plaintiff will be provided an opportunity to amend in the event he can allege such facts.

/ / /

/ / /

**B.   Prosecutorial Immunity**

Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state.  See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  This immunity extends to actions during both the pre-trial and post-trial phases of a case.  See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).  State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity.  See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997).

Here, Defendants Schubert and Kolb are alleged to be prosecutors. Plaintiff has not alleged facts to indicate that either took acts outside their official capacities or the context of a criminal prosecution.  Plaintiff will be provided an opportunity to amend.

**C.   Causal Link**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

As to all named defendants, referred to collectively throughout the complaint, Plaintiff has not alleged what each specific defendant did or did not do that caused deprivation of a constitutional or statutory right.  It is not sufficient to refer to defendants collectively.  Instead, as outlined above, Plaintiff must allege facts as to each specific named defendant's conduct.

/ / /

/ / /

4

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1          Accordingly, IT IS HEREBY ORDERED that:

2          1.     Plaintiff's original complaint, ECF No. 1, is dismissed with leave to

3    amend; and

4          2.     Plaintiff shall file a first amended complaint within 30 days of the date of

5    service of this order.

6

7    Dated:  September 20, 2022

8                                                            _____

9                                                            DENNIS M. COTA
                                                             UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28