IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH, | No. 2:22-CV-0634-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 19.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

In the three-page first amended complaint, Plaintiff names the following defendants: (1) County of Sacramento; (2) Ann Schubert, former Sacramento County District Attorney; (3) Sonia Satchell, Sacramento County Deputy District Attorney; and (4) Gerald F. Keena.[1] See ECF No. 19, pg. 1.

Plaintiff appears to raise several claims regarding Defendant Schubert's involvement in his initial prosecution in 2020. Plaintiff alleges that, while in jail in 2019, plainclothes detectives employed by Defendant Schubert broke his feet and beat him in order to attain a false conviction. See id. at 2. Plaintiff alleges that, on January 30, 2020, plainclothes detectives employed by Defendant Schubert shut down the jail and took documents and evidence Plaintiff planned to present at his trial. See id. at 2. Plaintiff further alleges that he was charged by Defendant Schubert with "non-crime, rare, false, and fabricated charges based on false and fabricated testimonies only." See id. at 3. Finally, Plaintiff alleges that Defendant Schubert deceived the court in his case to set his bail higher than was allowed, causing $90,000,000.00 in unspecified losses. See id. at 3.

Plaintiff also alleges that Defendant Schubert took unspecified property from Plaintiff without cause and without notifying Plaintiff. See id. at 2. Plaintiff claims that Defendant Satchell selected Defendant Keena as the receiver of the property and that Defendant Keena was ordered to remove occupants from the property. See id. at 2. Plaintiff alleges that, because

---

[1] Named in the amended complaint but not the original complaint are Sonia Satchell and Gerald Keena.  The Clerk of the Court will be directed to update the docket to add these individuals as defendants.  Named in the original complaint but no longer named in the superseding amended complaint are Brad Rose, Scott Jones, and Lesley Kolb.  The Clerk of the Court will be directed to terminate these individuals as defendants.

1  Defendant Keena failed to remove the occupants, the property was burned down, and the
2  occupants were killed. See id. at 2. Finally, Plaintiff alleges that Defendant Schubert spread false
3  information about Plaintiff, claiming that Defendant had killed unspecified occupants, which may
4  refer to the occupants of the unspecified property that was burned down. See id. at 3.
5        These current allegations are starkly different than those set forth in Plaintiff's
6  original complaint, which related to conditions of confinement at the Sacramento County Jail
7  during the COVID-19 pandemic.  See ECF No. 1.
8
9  **II.  DISCUSSION**
10        Plaintiff appears to have completely changed the theory of the case in the first
11  amended complaint.  As indicated above, in the original complaint Plaintiff alleged various
12  Eighth Amendment conditions-of-confinement violations related to his incarceration at the
13  Sacrament County Jail.  See ECF No. 1, see also ECF No. 13 (screening order addressing original
14  complaint).  In the first amended complaint, Plaintiff now appears to assert various constitutional
15  violations which led to a "false conviction."  See ECF No. 19.  More specifically, Plaintiff claims
16  that the charges against him are false, fabricated, and based on deception.  See id.  Plaintiff also
17  appears to claim that Defendants interfered with his ability to present a defense by confiscating
18  unspecified documents from his cell.  Plaintiff alleges this was all done in order to "terrorize
19  minorities."  See id.
20        When Plaintiff initiated this action, he was confined at Kern Valley State Prison.
21  See ECF No. 1, pg. 1.  The docket reflects that Plaintiff has since been transferred to High Desert
22  State Prison.  Plaintiff's incarceration in a California state prison suggests that he has in fact been
23  convicted.  Whether this conviction arose from the charges referenced in the first amended
24  complaint is unclear.  However, to the extent Plaintiff's claims relate to his current conviction, the
25  claims are not cognizable.
26  / / /
27  / / /
28  / / /

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

If the criminal proceedings referenced in the amended complaint resulted in Plaintiff's current conviction, this action would be barred under Heck because success on the merits of Plaintiff's claims of false evidence, deception, etc., would necessarily imply the invalidity of that conviction. It is unclear, however, whether the criminal proceedings referenced in the amended complaint are the same proceedings which resulted in Plaintiff's current incarceration in state prison. The Court will provide Plaintiff an opportunity to amend to clarify the underlying facts.

///
///
///
///
///
///
///

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court is directed to update the docket to add Sonia Satchell and Gerald Keena as defendants to this action.

2. The Clerk of the Court is directed to terminate Brad Rose, Scott Jones, and Lesley Kolb as defendants to this action because they are no longer named in the operative superseding first amended complaint.

3. Plaintiff's first amended complaint, ECF No. 19, is dismissed with leave to amend.

4. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated:  May 17, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE