IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　Defendants. | No. 2:22-CV-0634-DMC-P<br><br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 27.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the County of Sacramento and the following individuals as defendants: (1) Gerald Keena, a Sacramento County District Attorney appointed receiver, (2) Lesley Kolb, a Sacramento County District Attorney staff member[1], (3) Sonia Satchell, a Sacramento County District Attorney staff member, and (4) Anne Schubert, the Sacramento County District Attorney.  See ECF No. 27, at 1. Plaintiff asserts ten claims which allege wrongful convictions, falsifying testimonies, assault, destruction of evidence, violations of due process, and destruction and seizure of property.  See id. at 1–3.

In his first claim, Plaintiff asserts Defendants Schubert, Kolb, and Satchell conspired to prosecute minority populations based on fabricated testimonies and charging life sentences.  See id. at 1–2.  Plaintiff alleges in addition to the life sentences, Defendants Schubert, Kolb, and Satchell destroyed and seized related properties to the cases.  See id.  Plaintiff adds these actions were part of Defendant Schubert's campaign to become Attorney General.  See id.

Next, Plaintiff describes a second claim arising from an incident at an unnamed jail in 2019, where detectives assaulted Plaintiff and broke his feet to get a false conviction.  See id.

Plaintiff's third, fourth, and fifth claims arise from incidents in relation to his 2020 trial.  See id.  The third claim arises from an incident before his trial, where detectives shut down the jail to retrieve documents, evidence, and witness information from Plaintiff's jail cell.  See id.  This incident caused Plaintiff's inability to provide witnesses, documents, or evidence during

---

[1] Kolb was named as a defendant in the original complaint but not the first amended complaint and, as a result was terminated as a defendant to this action.  Plaintiff now re-names Kolb as a defendant.

2

trial, resulting in false testimonies and charges.  See id.  In Plaintiff's fourth claim, Plaintiff alleges he is not a party to the crimes for which he was charged.  See id.  Fifth, Plaintiff asserts that, after the trial, Defendants Schubert, Kolb, and Satchell seized all of Plaintiff's properties, including international properties, without proper notice, reason, or citations.  See id.  According to Plaintiff, Defendant Keena received the property from the other defendants.  See id.

Next, Plaintiff's sixth claim asserts that Defendants Schubert, Kolb, and Satchell delayed Plaintiff's release by filing lawsuits.  See id. at 3.  Plaintiff states this delay caused deaths, unspecified problems, and violations of the law.  See id.

Seventh, Plaintiff alleges Defendants Schubert, Kolb, and Satchell wrongfully convicted Plaintiff for filing false proofs of service based on false testimonies.  See id.  Plaintiff adds, "[i]n response to our inquiry, SacDA's staff gave us more than 100 reasons that alleged charges are not crimes."  See id.

For his eighth claim, Plaintiff asserts that, during a trial, the Elk Grove City Attorney mispresented that he received attorney fees from Plaintiff, which resulted in a twelve-year sentence.  See id.

Next, Plaintiff's ninth claim states Defendants Schubert, Kolb, and Satchell set his bail unconstitutionally high at $250,000 through deception on the court.  See id.  Plaintiff states the bail cost him $90,000,000 in losses "without proof."  See id.

In his final claim, Plaintiff alleges Defendants Schubert, Kolb, and Satchell publicized false information about Plaintiff, stating he "killed occupants."  See id.  These statements caused Plaintiff physical, emotional, and social damages.  See id.

## II. DISCUSSION

In the first amended complaint, Plaintiff asserted various constitutional violations which led to a "false conviction."  See ECF No. 19.  More specifically, Plaintiff claimed that the charges against him are false, fabricated, and based on deception.  See id.  Plaintiff also claimed that Defendants interfered with his ability to present a defense by confiscating unspecified documents from his cell.  Plaintiff alleged this was all done in order to "terrorize minorities."  See id.  Plaintiff renews those general allegations in the operative second amended complaint.

3

In addressing the first amended complaint, the Court stated as follows:

> When Plaintiff initiated this action, he was confined at Kern Valley State Prison. See ECF No. 1, pg. 1. The docket reflects that Plaintiff has since been transferred to High Desert State Prison. Plaintiff's incarceration in a California state prison suggests that he has in fact been convicted. Whether this conviction arose from the charges referenced in the first amended complaint is unclear. However, to the extent Plaintiff's claims relate to his current conviction, the claims are not cognizable.
> When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).
> If the criminal proceedings referenced in the amended complaint resulted in Plaintiff's current conviction, this action would be barred under Heck because success on the merits of Plaintiff's claims of false evidence, deception, etc., would necessarily imply the invalidity of that conviction. It is unclear, however, whether the criminal proceedings referenced in the amended complaint are the same proceedings which resulted in Plaintiff's current incarceration in state prison. The Court will provide Plaintiff an opportunity to amend to clarify the underlying facts.

ECF No. 21.

Plaintiff's second amended complaint fails to comply with the Court's prior order granting leave to amend the first amended complaint. Despite the Court providing guidance as to the applicable legal principles, Plaintiff has not alleged facts in the second amended complaint, as directed, which would allow the Court to determine whether it has jurisdiction or whether the claims are barred. Specifically, Plaintiff has not: (1) stated whether the allegations he now raises related to the criminal conviction underlying his current incarceration; (2) stated whether the criminal proceedings he references resulted in a conviction; and (3) whether, if he was convicted as a result of the criminal proceedings referenced in the second amended complaint, such conviction was been set aside or otherwise overturned or invalidated. Thus, the Court finds that

Plaintiff has not complied with the Court's prior order and has failed to allege facts sufficient to establish a cognizable claim over which this Court can exercise jurisdiction.

        The court must weigh five factors before dismissing an action for failure to comply with court orders. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

        Here, the Court finds that dismissal is appropriate. First and foremost, the second amended complaint continues to fail to allege facts sufficient to overcome the Heck bar. Second, despite the Court having previously provided guidance as to the potential defect in his case, Plaintiff has failed to allege any of the additional facts the Court directed him to include in a second amended complaint. Third, Plaintiff's failure to do so thwarts the public's interest in speedy resolution of this matter on the merits as well as the Court's interest in managing its docket to avoid protracted litigation of cases over which is does not have jurisdiction. Fourth, Plaintiff's failure to comply with the Court's prior order results in delay which prejudices Defendants.

### III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

    1.    It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

    2.    It is RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 27, 2025

    _____
    DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE